UNITED STATED DISTRICT COURT
For the
Middle District of Florida

STANLEY OLSEN, on his own behalf and others
    Similarly situated,
                  Plaintiff

vs                                               Case Action No: 8:10CV753

QUINN CONSTRUCTION, INC. a Florida Corporation
                   Defendant
_____/

## MOTION TO SET ASIDE DEFAULT OR DEFUALT JUDGEMENT

    I, Suzanne Quinn, have been retained by QUINN CONSTRUCTION, INC. to represent the corporation in this matter. The Defendant, through council, requests that the Court enter an order to set aside the Default Judgement entered against QUINN CONSTRUCTION, INC and the plaintiff be given a chance to present its case.

    The Defendant argues that he Default Judgement should be set-aside for the following reason:

1. Quinn became aware of this Default Judgment on Monday, November 15, 2010.

2. At approximately 1:30pm on November 15, 2010 we found out about a Judgement being entered against our company after receiving a letter from a collection agency attempting to collect the judgement amount. A copy of that letter is attached herewith as Exhibit "A". We googled the matter and then contacted the offices of Judge Jenkins to find out about the matter. The clerk at that office advised us that a default judgment had been entered and signed by Judge Covington.

3. Quinn was aware of this matter via service on April 23, 2010 by service. Upon service of the complain the defendant immediately contacted the Plaintiff's council to find out what the matter was about. After talking with Ms. Amritt Quinn forwarded more correspondence as well as documents showing that her client had been paid all wages for the hours he had worked for our firm. Quinn, Ms. Amritt and myself, had corresponded on 2 other occasions via email. Quinn also spoke on the telephone several times. All correspondence is attached herewith as Exhibit "B".

4. Quinn did not receive a call from the Plaintiff's office to clear or set a date for the Motion Hearing.

5. Quinn Construction, Inc did not answer the complaint because after my conversation with Mr. Amritt she had indicated, to my belief, that the case would be dropped or not persued. We were

only instructed, via a warning from Ms. Amritt for the future payroll recording, that we have employee's sign each time sheet.

6. Quinn never received a notice (hearing and/or motion), via US Mail and/or email that this matter had moved to default. We didn't even receive a telephone call. We did not receive a copy of Plaintiff's Motion for a default judgement and/or a copy of the hearing notice for said default judgment.

7. Quinn Construction, Inc did not answer or appear in court for the Motion of Default because we never received notice of either. The Plaintiff had the correct address for Quinn Construction, Inc. from my initial letter and the email correspondences. The Collection Company was able to deliver to us its collection letter today. We never received any notices from Plaintiff's council that this matter was moving forward.

8. If Quinn were/are given the opportunity Quinn Construction, Inc would present to the court testimony and documents, to include but not limited to daily records, times sheets, pay stubs, etc., showing that the defendant had been paid in full for all the hours he worked and that he had been paid time and ½ for all over time he worked for our company.

I certify that a copy of this document was mailed to opposing council, Kelly Amritt, Morgan & Morgan, 6824 Griffen Road, Davie, Fl 33314 this ~~16th~~ 24th day of November 2010.

I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement including fines and/or imprisonment.

Dated: November ~~15~~, 24, 2010

Suzanne Quinn (FMN: 0908878)
Florida Bar No: 0908878
1321 77th Street East
Palmetto, Florida 34221
(941) 722-7722

State of Florida
County of Manatee

Sworn to or affirmed and signed before me this 24th day of November 2010 by Suzanne Quinn, VP, who is personally known to me.

_____
NOTARY PUBLIC

Notary Public State of Florida
Imelda Hart
My Commission DD996774
Expires 05/31/2014

Print or Stamp commissioned name of Notary