```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

STANLEY OLSEN,

       Plaintiff,

v.                              CASE NO:   8:10-cv-753-T-33EAJ

QUINN CONSTRUCTION, INC.,

       Defendant.
_____/

### **ORDER**

This cause comes before the Court pursuant to Defendant's Motion to Set Aside Default or Default Judgment (Doc. # 12). Plaintiff filed a Response thereto (Doc. # 13).

Defendant Quinn Construction, Inc. moves this Court to set aside the default judgment entered against it for failure to appear.  The Court construes Defendant's motion as one pursuant to Federal Rule of Civil Procedure 60(b)(1), which allows relief from a final judgment for mistake, inadvertence, surprise, or excusable neglect.  Plaintiff argues that Defendant fails to describe a set of facts that give rise to "good cause" sufficient to set aside the default judgment entered in this matter.

The Eleventh Circuit has made it clear that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." <u>Florida Physician's Ins. Co. v.</u>

Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." Id.; see also In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). "With respect to the third element, 'a technical error or slight mistake' by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." Florida Physician's, 8 F.3d at 783 (citing Blois v. Friday, 612 F.2d 938, 940 (5th Cir. 1980)).

Defendant submits that: "Upon service of the complain [sic] the defendant immediately contacted the Plaintiff's council [sic] to find out what the matter was about. After talking with Ms. Amritt Quinn [Defendant] forwarded more correspondence as well as documents showing that her client had been paid all wages for the hours he had worked for our firm." (Doc. # 12, ¶3). "Quinn Construction, Inc. did not answer the complaint because after my conversation with Mr. [sic] Amritt she had indicated, to my belief, that the case would be dropped or not persued [sic]." (Doc. # 12, ¶5).

2

The Court finds that the reasons submitted by Defendant for its failure to appear amount to mistake or excusable neglect. It appears that Defendant has a meritorious defense that might affect the outcome of this case if reached on the merits, and the Court prefers to reach the merits of the case as opposed to decide it on a technicality. In addition, the Court finds that granting the motion will not result in any prejudice to Plaintiff. Finally, a good reason or "slight mistake" existed for Plaintiff's failure to reply to the complaint. The Court notes that Defendant became aware of the default judgment on November 15, 2010 and moved to set aside the default judgment on November 17, 2010.[1] Accordingly, the Court finds that Defendant's motion is due to be granted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Set Aside Default or Default Judgment (Doc. # 12) is **GRANTED.**

(2) The Clerk is directed to vacate the judgment (Doc. # 9) and re-open this case.

(3) Defendant is directed to file a response to

---

[1] Defendant's initial motion to set aside default (Doc. # 10, filed November 17, 2010) was denied without prejudice by the Court and was re-filed as the instant motion on November 26, 2010.

3

Plaintiff's Complaint by March 9, 2011.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of February, 2011.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record